(C.D. 2664)

E. DILLINGHAM, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 27, 1966)

*Allerton deC. Tompkins* for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Herbert L. Warren* and *Alfred A. Taylor, Jr.,* trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: This case involves the proper classification of a certain slush-molding machine, described on the invoice as "Bata Monoplax Process Unit 'Atlas.'" The merchandise was classified by the collector of customs under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

> Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and *not* specially provided for:
>
> * * * * * *
>
> Other * * * _____ 13¾% ad val.

It is conceded by counsel for plaintiff that the imported article does have as essential features electrical elements but plaintiff claims said item is, nevertheless, entitled to entry free of duty under the provisions contained in paragraph 1643 of the Tariff Act of 1930, or as modified by T.D. 52739, *supra,* which latter provides as follows: [1]

> Shoe machinery, whether in whole or in part, including repair parts _____ Free

Plaintiff's alternative claim under the provisions of paragraph 372 of the Tariff Act of 1930 for the machinery and under paragraph 353 of said act for the motors has been abandoned and is, therefore, dismissed.

---

[1] The provision containing shoe machinery is contained both in the Tariff Act of 1930 and as modified by the Torquay protocol, *supra.*

The record in this case consists of the testimony of three witnesses called on behalf of plaintiff, five exhibits received in evidence on behalf of plaintiff, and two exhibits received in evidence on behalf of defendant.

The provision for "shoe machinery" in paragraph 1643 of the Tariff Act of 1930, or as modified, *supra*, under which relief is here being sought is a statutory provision, which by its language implies use.

A comprehensive review of the cases involving the instant provision is contained in the decision of *C. H. Powell Co., Inc.* v. *United States*, 46 Cust. Ct. 84, C.D. 2238. In that case, certain welt cutters were classified under the provisions of paragraph 372 and claimed to be entitled to entry free of duty under the provision for "shoe machinery" contained in paragraph 1643 of the Tariff Act of 1930. The court therein overruled the protest finding there was an absence of convincing evidence relative to said articles being chiefly used in the manufacturing operation upon shoes.

In said *Powell* case, *supra*, the following digest of cases involving shoe machinery was set forth as follows:

*Draeger Shipping Co.* v. *United States*, 56 Treas. Dec. 818, Abstract 9716, wherein clicking machines, classified and assessed with duty as machines in paragraph 372 of the Tariff Act of 1922, were held to be free of duty as shoe machinery in paragraph 1542 of said act. It appeared that the articles in issue were particularly adapted for cutting or clicking out pieces of leather shaped for shoes.

*Fortuna Machine Co.* v. *United States*, 56 Treas. Dec. 935, Abstract 10377, relating to knives which were classified as such in paragraph 356 of the Tariff Act of 1922 and accordingly assessed with duty were held to be entitled to free entry as parts of shoe machinery in paragraph 1542 of said act. It was conceded in that case that the imported articles were skiving knives employed in the manufacture of shoes, and it was held that the provision for shoe machinery is restricted to a certain class of articles chiefly, if not exclusively, employed in a particular industry, to wit, shoe manufacturing, and that it is a more specific provision than the general provision for "all other cutting knives used in hand or power machines."

*Pfaff Industrial Sewing Machine Corp. and Intra Mar Transport Corp.* v. *United States*, 38 Cust. Ct. 470, Abstract 60643, in which case certain machines, classified as sewing machines in paragraph 372 of the Tariff Act of 1930, as modified, were held properly entitled to entry free of duty in paragraph 1643 of said act for shoe machinery and parts thereof. That case was decided on a stipulation of fact by the interested parties to the effect that the merchandise in question consisted of machinery and parts thereof used chiefly for the manufacture of shoes.

The cases to which reference is made by the defendant are the following:

*Carpenter Shoe Co., Inc.* v. *United States*, 64 Treas. Dec. 759, Abstract 24577, wherein electric heating pads and motor, classified as

electrical articles in paragraph 353 of the Tariff Act of 1930 and, accordingly, subjected to duty, were held to be duty free as parts of shoe machinery in paragraph 1643 of said act. The decision in that case rested upon a record which showed that the electric heating pads and motor were indispensable and integral parts of machines used to rapidly dry the cement by which soles of shoes were attached to the uppers, and that neither the heating pads nor the motor could be used except in connection with such machines.

*Louis G. Freeman Co.* v. *United States*, 58 Treas. Dec. 1060, Abstract 13580, which involved machines described as "leather-splitting machines with band knife," which were classified and assessed with duty within the machine provision in paragraph 372 of the Tariff Act of 1922 and were deprived of the benefit of free entry as shoe machinery in paragraph 1542 of said act. Whereas the evidence in that case disclosed that the machine in issue was used in a shoe factory, it also appeared that the mechanism in issue was exclusively a leather-splitting machine and could be used in any other factory where splitting leather was needed for any purpose other than the manufacture of shoes. The evidence in that case was held insufficient to sustain the claim of plaintiff.

*United States* v. *Laing Harrar & Chamberlin*, 21 C.C.P.A. (Customs) 235, T.D. 46763, wherein the collector's classification of certain shoe-treeing or shoe-stretching devices as machines, not specially provided for, in paragraph 372 of the Tariff Act of 1930 with appropriate duty assessment was sustained, rather than the claim of plaintiff for duty-free entry of the merchandise as shoe machinery in paragraph 1643 of the 1930 tariff act, it being the opinion of the court that the devices there in controversy were not used in a manufacturing operation upon shoes.

*P. H. Petry Co.* v. *United States*, 40 Cust. Ct. 443, Abstract 61541, involved a Linham pattern grading machine, which was classified by the collector of customs within the electrical articles provision of paragraps 353 of the Tariff Act of 1930, as modified, assessed with duty accordingly, and held by this court to be shoe machinery, entitled to entry free of duty within the provisions of paragraph 1643 of said act. It was the view of this court that the uncontradicted evidence there presented clearly established that the involved machine was used in manufacturing shoes.

Our review of the decision in the *Powell* case, *supra*, convinces us that for an article to fall within the provision for "shoe machinery," as contained in paragraph 1643 of the Tariff Act of 1930, it must be chiefly used in a manufacturing operation upon shoes.

In the record as made herein, only the testimony of Mr. Charles Bara, Jr., is concerned with the imported shoe machinery. The testimony of the other witnesses, Messrs. Petrick and Martin, related to the articles produced by the imported slush-molding machinery and the question of whether certain boots or galoshes are considered to be shoes. The testimony of Mr. Bara clearly establishes his familiarity with the operation of the imported unit but likewise clearly evidences his lack of experience with respect to machinery of the same class

or kind of slush-molding machinery, other than the imported unit which is under his supervision and installed in the plant of the company employing him in Belcamp, Md. Since the law requires the establishment of chief use of the class or kind of machinery involved herein, it is obvious that the testimony of a witness—familiar only with the imported article and not with machinery of the same class or kind—is insufficient to establish chief use. Chief use also requires positive testimony, representative of an adequate geographical cross section of the United States, of merchandise of the same class or kind. *L. Tobert Co., Inc., American Shipping Co.* v. *United States*, 41 CCPA 161, C.A.D. 544; *United States* v. *Spreckels Creameries, Inc.*, 17 CCPA 400, T.D. 43835.

In the case of *United States* v. *Gardel Industries*, 33 CCPA 118, C.A.D. 325, the court in concluding that the witness was not sufficiently qualified to testify as to the chief use of the merchandise involved therein made the following comments which are appropriate to the factual situation of record herein:

Furthermore, the witness Gardel, from his own statements, appears to be insufficiently qualified by experience and familiarity with commercial practice to give credible testimony as to the chief use of the merchandise throughout this country. His testimony relative to the use of the molds in his own restricted business, that he never saw the identical merchandise used outside of his own concern, and his failure to indicate clearly that any other concern or persons made use of the molds for a similar purpose, is not of the convincing character that is here required to overcome the presumption of the correctness of the collector's classification.

In view of the foregoing, it is unnecessary for us to consider whether exhibits produced by the imported machinery are or are not shoes. Based upon the record and cases cited, we are of the opinion that the claim for free entry as shoe machinery under the provisions of paragraph 1643 of the Tariff Act of 1930, or as modified, should be overruled.

Judgment will be entered accordingly.